```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


RICHARD W. RILEY,

                    Plaintiff,

vs.                                   Case No. 13-2389-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.
```

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On January 17, 2012, administrative law judge (ALJ) Evelyn M. Gunn issued her decision (R. at 20-27). Plaintiff alleges that he had been disabled since February 1, 2006 (R. at 20). At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since December 21, 2009, the

application date (R. at 22).  At step two, the ALJ found that plaintiff had the following severe impairments:  depression, anxiety, and substance abuse (R. at 22).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 22).  After determining plaintiff's RFC (R. at 23), the ALJ determined at step four that plaintiff could perform past relevant work as a tractor trailer truck driver and a garbage truck driver (R. at 26).  In the alternative, at step five, the ALJ found that plaintiff can perform jobs that exist in significant numbers in the national economy (R. at 26-27).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 27).

### III. Did the ALJ err in her RFC findings regarding plaintiff's mental limitations?

The ALJ found that plaintiff had severe impairments of depression, anxiety, and substance abuse (R. at 22).  In her mental RFC findings, the ALJ stated that plaintiff can understand and remember simple to some detailed instructions to complete work-related tasks, and he can interact appropriately with the public, co-workers and supervisors (R. at 23).

Dr. Adams prepared a state agency RFC assessment (R. at 448-450).  She opined that plaintiff had a moderate limitation in the ability to interact appropriately with the public (R. at 449).  She stated that plaintiff is limited in working with the

5

public due to depression and anxiety, but can interact appropriately with co-workers and supervisors (R. at 450). Plaintiff alleges that the ALJ erred by failing to include this limitation in plaintiff's RFC findings (Doc. 16 at 18-19).

As stated in SSR 96-8p, "the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Wells v. Colvin, 727 F.3d 1061, 1069 (10th Cir. 2013). An exact correspondence between a medical opinion and the RFC is not required. In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file. Wells, 727 F.3d at 1071-1072.

The ALJ acknowledged the opinions by Dr. Adams, and states that her mental RFC findings are different from those of Dr. Adams. The ALJ stated that in making her RFC findings, the ALJ considered the evidence as a whole, including all medical evidence and the testimony at the hearing, and is thus based on evidence not available to Dr. Adams (R. at 25).

The ALJ discussed a statement from a former employer regarding plaintiff's employment from April to August 2005 (R. at 25). Plaintiff's former supervisor stated that plaintiff had no limitations or impairments in the ability to perform the job

of driving a dump truck. The former supervisor specifically stated that the employee had no trouble getting along with co-workers, supervisors, and the public (R. at 128). The ALJ noted that the supervisor stated that plaintiff had no limitations, and was terminated because he stopped coming to work (R. at 25, 128-129).

The ALJ also noted plaintiff's testimony that he had difficulty with people, but was able to interact with others at the store and socialized with friends (R. at 24). Plaintiff testified that he had difficulty with people "whenever I feel like I'm being threatened by them or something" (R. at 38-39). Plaintiff could not recall the last time he felt threatened by someone (R. at 39). Plaintiff testified that he socializes "whenever he gets the chance" or about 3-4 times a week (R. at 39).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as

adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

Although Dr. Adams opined that plaintiff had a limitation in working with the public, the ALJ noted that a former employer stated that plaintiff had no limitations or impairments in his ability to perform the job, including no trouble getting along with the public. Plaintiff's testimony, also discussed by the ALJ, indicated that plaintiff had trouble dealing with other people whenever he felt threatened by them, but he could not recall the last time that occurred. He socializes whenever he gets the chance, probably 3-4 times a week.

The court will not reweigh the evidence. The statement of the former employer and plaintiff's own testimony provided a specific and legitimate basis for not including in plaintiff's RFC a limitation in dealing with the public.

Finally, plaintiff argues that the ALJ failed to consider plaintiff's mental impairments in his RFC assessment, and failed to factor in the functional restrictions that these mental impairments posed on his ability to work (Doc. 16 at 20).

However, plaintiff fails to articulate what limitations, other than contact with the public, should have been included in the RFC findings. Plaintiff bears the burden of proof through step four of the analysis. <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993). Plaintiff has produced no evidence regarding any other limitations that should have been included in the ALJ's RFC findings. The court finds that plaintiff's argument is therefore without merit.

   IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

   Dated this 23rd day of September 2014, Topeka, Kansas.


                            s/Sam A. Crow
                            Sam A. Crow, U.S. District Senior Judge